EL PUEBLO, DEMANDANTE Y APELADO, *v.* C. FERNÁNDEZ & Co., S. EN C., ACUSADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por infracción a la Ley de Arbitrios.

No. 1737.—Resuelto en junio 6, 1921.

RENTAS INTERNAS—ACUSACIÓN INSUFICIENTE.—Cuando una ley define y castiga diversos delitos, una acusación por infracción a dicha ley es insuficiente si en vez de exponer los hechos determinantes de la comisión de alguno de los delitos definidos y castigados sólo hace una referencia general a la ley infringida.

ID.—CAUSA DE ACCIÓN—ALCOHOLADO—BEBIDA ALCOHÓLICA.—El hecho de que el Departamento de Tesorería decida que cierto alcoholado que había sido confeccionado según la fórmula anteriormente autorizada de acuerdo con la ley

por dicho Departamento, contiene demasiado alcohol por lo que no se ajusta a la sección 5, Título I de la Ley No. 55 de 1919, no es razón para imputar a los fabricantes de tal alcoholado la comisión de un delito, a menos que el Gobierno alegue y pruebe que los fabricantes prepararon dicho líquido con el fin de dar indirectamente al público una bebida alcohólica.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. C. Coll Cuchí.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Los apelantes C. Fernández & Co. fueron acusados por una infracción de la ley en la siguiente forma:

"El fiscal formula acusación contra C. Fernández & Compañía por una infracción de la ley de Arbitrios de Puerto Rico, aprobada en 15 de junio, 1919, *misdemeanor,* cometida de la manera siguiente: Los citados C. Fernández & Compañía con anterioridad a la presentación de esta acusación y en el barrio de Santurce de la municipalidad de San Juan, que forma parte del distrito judicial del mismo nombre, fabricaron para fines industriales, un líquido llamado 'Alcoholado Iris,' cuya preparación por su olor y sabor puede considerarse y usarse como bebida, dejando de pagar el impuesto de un dollar ($1) por cada litro o fracción de litro del referido líquido así fabricado. Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad del Pueblo de Puerto Rico."

Los acusados fueron juzgados por virtud de una estipulación sobre hechos probados y condenados a pagar $100 de multa, y costas.

Este es otro de los muchos casos en que los apelantes no han presentado un señalamiento de errores por separado. El señalamiento de error es a manera de una alegación y un índice de las cuestiones alegadas en apelación siendo casi indispensable para el rápido despacho de los asuntos. En todo alegato debe hacerse primero una exposición del caso, después un señalamiento de errores en el cual todos los que han de alegarse deben especificarse; luego deben ser argumentados separadamente como se hizo en este caso. Sin embargo, encontramos que los errores son fundamentales y los consideraremos. El primer error es que la acusación no

imputa un delito público. Convenimos con los apelantes en que la acusación no determina ningún caso concreto de violación de la ley, sino que sólo hace una referencia general a una de las leyes de arbitrios, a saber, la número 55 de junio 15 de 1919. En la cita que hacen los apelantes al caso de *El Pueblo* v. *Borque*, 25 D. P. R. 595, la corte se expresó como sigue:

"La denuncia no imputó al acusado infracción concreta alguna. Tampoco siguió las palabras del estatuto. La sección 12 de la Ley No. 75 de 1916 que se alega como infringida, contiene ocho apartados. El primero es general, los otros se refieren a casos específicos. En una denuncia hecha de acuerdo con esa sección para concluir que se han seguido las palabras del estatuto no basta que se exprese en general que el *chauffeur* 'no tomó las debidas precauciones en el manejo de dicho auto para garantizar vidas y propiedades,' sino que es necesario especificar además que realizó algún hecho en violación de alguna o algunas de las varias disposiciones concretas contenidas en dicha sección. La necesidad de tales alegaciones específicas se verá por la consideración del segundo error en el cual los apelantes alegan que no hubo ninguna prueba de culpabilidad. La acusación era insuficiente."

La exposición concreta de los hechos en este caso, es la siguiente:

"Comparecen ante esa honorable corte de una parte El Pueblo de Puerto Rico, representado por el fiscal del distrito y de otra parte, C. Fernández & Co., S. en C., representada por su abogado C. Coll y Cuchí, estipulan que los hechos que se expresan a continuación son aquéllos que real y efectivamente ocurrieron y que dieron origen a la acusación en este caso, y estipulan que tales hechos tengan todo el valor y efecto de hechos probados en el curso del juicio oral y público que pesa sobre ellos y por virtud de esta estipulación, someten a la jurisdicción de esta honorable corte la culpabilidad de dicha firma por violación de la Ley de Arbitrios de Puerto Rico.

"I. Que la firma C. Fernández & Co. fué constituída debidamente con arreglo a las leyes de Puerto Rico por escritura número cincuenta y dos otorgada ante el notario Enrique Lefebre en San Juan de Puerto Rico el día diez y seis de octubre de 1919, siendo su socio gestor don Cándido Fernández y sus comanditarios don Enrique

Rincón Plumey don Artemio Figueroa Hernández y que José E. Benedicto es el Tesorero de Puerto Rico y lo era desde junio 27 de 1919 hasta la fecha de la interposición de esta estipulación.

"II. Que con arreglo a ley de la Asamblea Legislativa de Puerto Rico aprobada el 15 de junio de 1919 y conocida con el No. 55 de dicho año y con el nombre de Ley de Arbitrios de Puerto Rico, C. Fernández y Compañía, S. en C., solicitó de José E. Benedicto, en su carácter de Tesorero de Puerto Rico, la correspondiente licencia o certificado de patente para explotar el negocio de fabricación de perfumería; y después de haber archivado la fianza que le fué exigida a favor del Tesorero de Puerto Rico, se le autorizó para que obtuviera en la Colecturía de Rentas Internas de San Juan, la patente correspondiente, por comunicación de junio 27, 1919.

"III. Que de acuerdo con dicha comunicación la firma C. Fernández & Co., S. en C., solicitó del Colector de Rentas Internas la patente de fabricación de perfumería con alcohol de primera clase, pagando los derechos de Rentas Internas correspondientes, en un sello por valor de cincuenta dollars cancelado debidamente en dicho certificado de patente.

"IV. Que con arreglo a la sección 33 de los Reglamentos Promulgados bajo la Ley de Prohibicionistas, Circular No. 936 del Departamento de Hacienda de Puerto Rico, C. Fernández y Compañía, S. en C., entre otras, envió a la consideración del Departamento de Hacienda de Puerto Rico una fórmula de alcoholado que conocería con el nombre de alcoholado 'Iris,' solicitando el permiso para su fabricación, siempre y cuando que dicho alcoholado estuviera de acuerdo con las prescripciones de la ley; y después de haber sido estudiada dicha fórmula por el Departamento de Hacienda de Puerto Rico y por el Departamento de Sanidad, C. Fernández & Co., S. en C., el día 17 de octubre de 1919 recibió una comunicación oficial autorizándole a la fabricación del dicho alcoholado 'Iris' con arreglo a dicha fórmula aprobada por el dicho Departamento de Hacienda.

"V. Que de acuerdo con las instrucciones del Departamento de Hacienda C. Fernández & Co., S. en C., compró tres libros especiales de venta por el mismo Departamento de Hacienda para hacer constar en los mismos las entradas y salidas del alcohol, así como la forma y manera en que fueron preparadas las distintas perfumerías de acuerdo con las instrucciones del Departamento de Hacienda de Puerto Rico; y especialmente en el caso de fórmula de alcoholado 'Iris,' C. Fernández & Co., S. en C., nunca fabricó cantidad alguna de dicha perfumería, sino en presencia de un agente de Rentas In-

ternas de Puerto Rico, quien comprobó en todos y cada uno de los casos en que fué fabricado dicho alcoholado que el mismo había sido estrictamente fabricado de acuerdo con la fórmula aprobada por el Departamento de Hacienda y estricto cumplimiento de los Reglamentos y Ley de Arbitrios.

"VI. Que en o alrededor del día 9 de diciembre de 1919 el Tesorero de Puerto Rico, por medio de sus agentes, ordenó la confiscación de todo el alcoholado llamado 'Iris,' existente en los almacenes de la firma C. Fernández & Co., S. en C., y en otros sitios, apoderándose de dicha propiedad, sin que a C. Fernández y Compañía, S. en C., se le avisara el motivo por el cual se efectuaba dicha confiscación en un producto de perfumería cuya fórmula había sido anteriormente autorizada por el mismo Departamento de Hacienda de Puerto Rico.

"VII. Que inmediatamente después de haberse efectuado dicha confiscación de los bienes propiedad de C. Fernández & Co., S. en C., sin haber habido proceso legal de ninguna especie, José E. Benedicto, Tesorero de Puerto Rico, ordenó a sus agentes de Rentas Internas que se personaran en las oficinas de C. Fernández y Compañía S. en C., y contra la voluntad de dicha sociedad escribieran sobre el certificado de patente las palabras siguientes: 'Revocada en ésta por orden del Tesorero de Puerto Rico, 12/9/19. J. Martínez Chapel. Agente de Rentas Internas.' Que el dicho agente de rentas internas notificó al gestor de la sociedad que su patente queda revocada y que se abstuviera de fabricar más perfumería, previniendo esta orden del Tesorero de Puerto Rico, privando así a la sociedad del ejercicio de un negocio que legítimamente había establecido en amparo de las leyes de Puerto Rico, después de haber pagado los derechos de contribuciones que le fueron exigidos y de haber cumplido con todos los demás requisitos de la ley. Que el mismo día 9 de diciembre C. Fernández & Co., S. en C., recibió una comunicación del Tesorero de Puerto Rico advirtiéndole que por haberse provisto de cierta cantidad de alcohol sobre el cual se pagó el importe de 50 centavos que señala la Ley de Arbitrios, con el fin de convertirle en perfumería, y habiéndose comprobado que el producto alcohólico denominado 'Iris,' por dicho Departamento de Hacienda, elaborado con dicho alcohol, no se ajustaba a las disposiciones de la sección 5, título 1, de la referida ley, se dejaba revocada la licencia de Rentas Internas que le había sido expedida a la sociedad C. Fernández & Co., S. en C., por el Departamento de Hacienda el 6 de octubre de 1919 para fabricación de perfumería con alcohol.

"VIII. Que dicho C. Fernández y Co., S. en C., han fabricado

dicho alcoholado 'Iris' como perfumería y como tal alcoholado únicamente después de haber sometido fórmula al Departamento de Hacienda de Puerto Rico, y haber obtenido la aprobación de dicho departamento para la fabricación de dicho alcoholado; y dicha fórmula fué sometida al Departamento de Hacienda el 17 de octubre de 1919 y el alcohol comprobado a que se refiere dicha comunicación lo fué el 5 de noviembre de 1919, y en otras fechas posteriores, o sea mucho después que el Departamento de Hacienda había autorizado la fabricación del alcoholado 'Iris,' como perfumería y cuando el Departamento de Hacienda sabía que dicho alcohol iba a ser usado a ese fin, no sólo por lo anteriormente expuesto, sino porque un agente de Rentas Internas del Departamentó de Hacienda personalmente intervino en todos y cada uno de los actos de fabricación de dicho alcoholado 'Iris,' con arreglo a la dicha fórmula.''

El fiscal dice que aunque todas estas cosas fueron hechas con conocimiento del Departamento de Tesorería, sin embargo que los apelantes eran culpables de haber hecho un líquido que por su olor y sabor podía considerarse y usarse como bebida. No se alega o demuestra que el objeto de ellos al poner este tónico del pelo en el mercado so pretexto de que era un artículo para el tocador fué dar al público una bebida alcohólica. El hecho de que el departamento luego encontró que era tal bebida alcohólica y que contenía demasiado alcohol, probablemente era cosa que estaba dentro de las facultades discrecionales del Departamento de Tesorería de Puerto Rico, pero esa no es razón para imputar a los apelantes la comisión de un delito a menos que el gobierno se proponga demostrar que los acusados hicieron esta preparación con el fin de dar indirectamente al público una bebida alcohólica.

La sentencia apelada debe ser revocada, debiendo absolverse a los acusados.

> *Revocada la sentencia apelada y absueltos los acusados.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.